## ANDREWS vs. ORMSBEE.

One who, without the authority or consent of the husband, leaves money with the wife, and she applies it to her own use, the husband will not be liable.

## ERROR to St. Louis Circuit Court.

### *Statement of the Case.*

This is an action of replevin instituted by defendant in error against plaintiff in error, in the St. Louis Circuit Court, to the November term, 1845, for a negro girl named Maria. The plaintiff in error, defendant below, pleaded the general issue.

The defendant in error obtained a verdict, and the jury assessed his damages at $944. But on the hearing of the motion for a new trial, the defendant in error reduced the damages by remittitur to one dollar.

It appeared on the trial by the evidence adduced on the part of the plaintiff Ormsbee, that at the time of the commencement of the suit, the negress was in the possession of the defendant Andrews, from whom she was replevied, and that before that time she had been in the possession of the plaintiff Ormsbee as his property. That she had been assigned to Ormsbee in right of his wife by judgment of a court in the State of Virginia. There was also evidence to show that before Andrews had gotten possession of the slave as her owner, she had once been at his house, and that Ormsbee charged him with tampering with her, and exhibited symptoms of violent excitement, and made threats of actual violence against him. That after he had gotten possession of the negress, Andrews had expressed the purpose of sending the negress out of the State.

Testimony was also given of what Andrews and the witness, Willi, had stated, when testifying as witnesses before the grand jury, and on the trial of Ormsbee before the Criminal Court.

On the part of Andrews, the defendant, it was shown that Ormsbee had stated that his wife

had complained that the girl had become saucy and disobedient, and that he had told her she might sell her—which occurred before the sale. That his wife actually made sale of the girl to the defendant, and delivered possession of her to him, stating that she was acting by the authority of her husband. That the purchase of the girl was made for Andrews by Willi, without Andrews' knowing any thing of the negotiation until it was about being consummated. The bill of sale of the girl to Andrews by Mrs. Ormsbee was given in evidence by defendant—as also a deed of settlement of the negress by Frances Heath upon her daughter, Mrs. Ormsbee—which deed was produced by Mrs. Ormsbee at the time of the sale, as evidence to support her declaration then made to Willi, that the slave was her separate property, and that she had a right to sell her.

The cash mentioned as the consideration of the purchase in the bill of sale, was paid to Mrs. Ormsbee by Willi, and was never paid back again to either Andrews or Willi. Nor was there any legal evidence that the money so received by Mrs. Ormsbee was ever formally tendered back to Andrews. It was proved that Ormsbee had stated that he had offered to Willi to pay him back the money—but Willi testified to the contrary.

After a verdict had passed for the plaintiff, the defendant by his counsel moved for a new trial, assigning in addition to the ordinary reasons, the further one, that the damages assessed by the jury were excessive. This motion was overruled by the court, and the defendant excepted.

POLK, AND GAMBLE & BATES, *for Plaintiff in error.*

The verdict of the jury, as it stands upon the record, is not sustained by the evidence.

The evidence preserved in the bill of exceptions shows, as we contend, that the sale of the negress by his wife, was authorized by the plaintiff, Ormsbee. That authority to sell was given before the sale was made. And also, that the sale was ratified by the plaintiff after it was made.

That authority to sell was given to his wife by plaintiff, before she made the sale, is apparent from the testimony of G. W. Goode, P. B. Hockaday, Doct. Brown, and Willi, preserved in the bill of exceptions.

In the next place it is contended that the sale by his wife was ratified by Ormsbee after it was made. There was a formal sale and an actual delivery of the slave by Mrs. Ormsbee to defendant, and $350 were paid to her. Now it does not appear that this money was ever refunded. It is still in the hands of the plaintiff Ormsbee. And if Ormsbee retains the money, it is proof conclusive of a ratification of the sale by him, unless he has shown that he tendered the money back again, and it was refused. Now, I submit, that it was not proved that the money was tendered back to defendant. All the proof we have upon the record that looks toward this point, consists of the statements of Ormsbee himself. These statements were to the effect that he had offered to pay the money back. But Willi swears directly to the contrary.

LESLIE, *for Defendant in error.*

SCOTT, J., *delivered the opinion of the Court.*

The instructions given in this case were not excepted to, nor is any complaint made of them. The only ground on which the interference of this court is asked, is, that the verdict is against the weight of evidence. We see nothing in the record which would warrant the court in disturbing the verdict. The jury are the proper judges of the weight of the evidence.

It does not appear that the money received by the wife came to the hands of her husband. If one, without the authority or consent of the husband, leaves money with his wife, and she makes way with it, he is not responsible for it. The judgment is affirmed, the other Judges concurring.